UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| United States of America, | Cr. No.: 7:90-cr-00310 |
| v. | **ORDER** (Written Opinion) |
| Ronald Eugene Rice, | |
| Defendant. | |

This matter comes before the Court on the defendant's second motion to amend judgement filed on July 28, 2008. The defendant argues that he is entitled to a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission (the Commission) pursuant to 28 U.S.C. § 994(u). The Court issued an order stating that the defendant is not entitled to a reduction under the amendment on July 14, 2008. The Court amended its order on July 28, 2008 to correct an incorrect date in the order and in the Sentence Reduction Report. The defendant now asks the court to hold an evidentiary hearing to determine the amount of drugs for which he is responsible to determine if he is entitled to a reduction. For the reasons stated herein, the defendant's request is DENIED.

**Background**

The defendant's motion is based on Amendment 706 to the United States Sentencing Guideline (U.S.S.G.) § 2D1.1(c). This amendment adjusts the base offense level assigned to each threshold quantity of cocaine base, or "crack cocaine," downward by two levels. U.S.S.G. App. C, Amend. 706 (Nov. 1, 2007). On December 11, 2007, the Commission voted to add this amendment to the list of amendments in U.S.S.G. § 1B1.10(c) that may be applied retroactively. This amendment became effective on March 3, 2008. Further, the Commission amended Application Note 10(D) to § 2D1.1 in order to remedy sentencing anomalies under Amendment 706. This amendment became effective on May 1, 2008; therefore this matter is now ready for disposition.

**Standard of Review**

Defendant brings this claim *pro se*. This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982).

**Discussion**

The Court issued an order on July 14, 2008 first denying the defendant's request for a reduction in sentence. The defendant had ten (10) days from which to

appeal the Court's order.  On July 28, 2008, responding to the defendant's motion to amend the Court's judgement, the Court amended the prior order to reflect the proper dates, but denied all other relief requested.  The defendant had sixty (60) days from which to file an appeal on that order.  In both orders, the Court examined the issue as to whether the defendant was entitled to a reduction and decided that the facts of his case did not meet the criteria of the Amendment that warranted a reduction.  Had the defendant disagreed, he should have filed an appeal per the instructions in the Court's order.  The defendant failed to appeal either order.  Therefore, the decision of this Court is final as the defendant has waived his right to appeal under the Federal Rules of Appellate Procedure.  However, the Court will address the merits of the defendant's argument despite this procedural bar.

The Court stated in its prior order that "[t]he amended guidelines range is the same because the defendant was held responsible for 126 kilograms of crack cocaine.  The total offense level for that amount of cocaine base was not affected by the recent guideline amendments; therefore, Defendant's sentencing range did not change." (July 14, 2008 Order of the Court).  The defendant argues that the Court should hold an evidentiary finding on the quantity of crack cocaine attributable to him.  He also argues that he is entitled to a jury charge on the quantity of drugs.  This argument is without merit.  The issue regarding the quantity of drugs attributable to the defendant has been raised and properly settled on appeal by the Fourth Circuit.  The Fourth Circuit held that the calculation of 126 kilograms of crack cocaine for which the defendant

was responsible was adequately supported by the evidence in the record. *United States v. Rice*, 976 F.2d 728, 1992 WL 240686, No. 91-5528 (4th Cir. 1992). According to the guidelines as amended, Application Note 12 to U.S.S.G. section 2D1.1 states "[w]here there is no drug seizure or the amount seized does not reflect the scale of the offense, the court shall approximate the quantity of the controlled substance." The Court estimated the amount of drugs for which the defendant was responsible in the conspiracy and this calculation was upheld. The Court adheres to its decision in the prior order. Therefore, the Court denies the defendant's request for an evidentiary hearing.

　　　　IT IS THEREFORE ORDERED that the defendant's motion be DENIED.

　　　　**IT IS SO ORDERED**.

　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　G. ROSS ANDERSON, JR.
　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

Anderson, South Carolina
October  2  , 2008

### NOTICE OF RIGHT TO APPEAL

　　　　Pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, the defendant has the right to appeal this Order within sixty (60) days from the date of its entry. Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, **will waive the right to appeal.**