UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| United States of America, | ) | Cr. No.: 7:90-cr-00310 |
| | ) | |
| | ) | **ORDER** |
| | ) | (Written Opinion) |
| v. | ) | |
| | ) | |
| Ronald Eugene Rice, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

  This matter comes before the Court on the defendant's fourth motion to amend judgement filed on October 29, 2008. The defendant again argues that he is entitled to a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission (the Commission) pursuant to 28 U.S.C. § 994(u). The Court issued an order stating that the defendant is not entitled to a reduction under the amendment on July 14, 2008. The Court amended its order on July 28, 2008 to correct an incorrect date in the order and in the Sentence Reduction Report. The Court denied another Motion to Reconsider on October 20, 2008. After a fourth review of the motion, the record, and the law, nothing therein compels this Court to change, alter, or amend its Order in any way. For the reasons stated herein, the defendant's fourth motion to reconsider is denied.

Defendant brings this claim *pro se*. This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982).

The defendant argues that since the jury was not charged on a specific quantity of drugs, then the Court cannot hold him accountable for the 129 kilograms of crack cocaine. According to the guidelines as amended, Application Note 12 to U.S.S.G. section 2D1.1 states "[w]here there is no drug seizure or the amount seized does not reflect the scale of the offense, **the court shall approximate** the quantity of the controlled substance." (emphasis added). The Court estimated the amount of drugs for which the defendant was responsible in the conspiracy and this calculation was upheld on appeal. The defendant is not entitled to a jury charge on the quantity of drugs attributable to him when sentenced using the Sentencing Guidelines. Since the defendant was sentenced according to the Sentencing Guidelines not the statutory range, the defendant is incorrect his argument that he is entitled to a jury charge to determine the drug quantity. *See United States v. Brooks*, 524 F.3d 549 (4th Cir. 2008). The Court adheres to its decision in the prior order; the defendant is not entitled to a sentence reduction.

The defendant has filed his fourth motion to reconsider alleging the same facts asserted in his initial Motion for Retroactive Application of Sentencing Guidelines under18 § U.S.C. 3582.  Defendant requests the Court to reconsider its Orders dated July 14, 2008 and July 28, 2008.  In the first order, the Defendant was given ten (10) days in which to appeal that Order.  In the second Order, the Court ordered that the first order be amended to correct a clerical error, and the defendant was given sixty (60) days in which to appeal that Order.  Defendant did not meet that deadline and is hereby informed for the last time that THE PROPER APPELLATE FORUM for appeal of this Court's order would be the COURT OF APPEALS FOR THE FOURTH CIRCUIT.

IT IS THEREFORE ORDERED that the defendant's motion be DENIED.

**IT IS SO ORDERED**.

_____
G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

Anderson, South Carolina
November  5 , 2008

### NOTICE OF RIGHT TO APPEAL

Pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, the defendant has the right to appeal this Order within sixty (60) days from the date of its entry.  Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, **will waive the right to appeal.**