UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| Ronald Eugene Rice, ) | |
| ) | C/A No.: 7:10-cv-70150-GRA |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | (Written Opinion) |
| United States of America, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

This matter comes before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody under 28 U.S.C. § 2255 ("§ 2255 Motion").[1] It appears that Petitioner has failed to file his § 2255 Motion within the applicable one-year limitation period. However, the Court grants Petitioner fifteen (15) days to demonstrate that his Motion is timely filed.

## **Background**

In 1990, Petitioner Ronald Eugene Rice was convicted by a jury for various drug-related crimes, including conspiracy to possess with intent to distribute cocaine and cocaine base, and possession with intent to distribute cocaine and cocaine base. The U.S. Court of Appeals for the Fourth Circuit affirmed this conviction on September 29, 1992. On June 24, 1996, Petitioner was last sentenced to three

---

[1] This case was originally filed under Petitioner's criminal case number, Cr. No. 7:90-cr-00310-GRA-9.

hundred and twenty four (324) months imprisonment.  Petitioner filed a series of motions to reconsider his sentence in light of certain amendments to the U.S. Sentencing Guidelines. This Court denied all of these motions. On August 12, 2009, the Fourth Circuit affirmed this Court's denials of reconsideration.

On February 8, 2010, Petitioner filed the present motion with this Court asking this Court to vacate and set aside his conviction, proposing the motion fall under 28 U.S.C. § 2255. In his § 2255 Motion, Petitioner argues his sentence violates applicable law because "no amount in excess of 18.6 grams of cocaine base can be attributed to" him. (§ 2255 Motion at 3.) He claims the Court incorrectly sentenced him based on one hundred and twenty six (126) kilograms of cocaine base. (*Id.*)

In accordance with *United States v. Emmanuel*, 288 F.3d 644 (4th Cir. 2002), this Court issued an order on February 9, 2010, that explained Petitioner's rights and informed Petitioner that if he did not object within twenty days, the Court would consider his request as a petition under § 2255. Petitioner did not file any objections to the *Emmanual* Order.

## Standard of Review

Petitioner brings this motion *pro se*.  This Court is required to construe *pro se* pleadings liberally.  Such pleadings are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied*, 439 U.S. 970 (1978).  This Court is charged with liberally construing a

pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *Cruz v. Beto*, 405 U.S. 319 (1972).

**Discussion**

Petitioner filed the present Motion on February 8, 2010, asking this Court to vacate his sentence pursuant to 28 U.S.C. §2255. For the reasons discussed below, the Motion appears to be untimely filed.

Prior to the enactment of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a prisoner seeking federal habeas relief essentially operated under no statutory time limitation. On April 24, 1996, the President of the United States signed the AEDPA into law. *See* Pub. L. No. 104-132 (1996). The AEDPA instituted a one-year statute of limitations for filing motions pursuant to 28 U.S.C. § 2255. This limitations period may be raised *sua sponte* by the Court. *Hill v. Braxton*, 277 F.3d 701, 705 (4th Cir. 2002). The AEDPA's amendments to 28 U.S.C. § 2255 provide, in relevant part, that:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of–
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been

> newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

The period of limitations began to run on petitioner's § 2255 motion after his judgment of conviction became final. According to *Clay v. United States*, 537 U.S. 522, 532 (2003), "for federal criminal defendants who do not file a petition for certiorari with this Court on direct review, § 2255's one-year limitation period starts to run when the time for seeking such review expires." Petitioner's appeal was decided on September 29, 1992. The one-year limitation period began when the ninety-day window for filing his petition for certiorari expired. Here, that occurred on or about December 28, 1992.

At that point, for purposes of § 2255 the conviction became final. Thus, the one-year period of limitations to file a motion pursuant to § 2255 expired on or about December 28, 1993. Therefore, the Motion appears untimely on its face.

In light of *Hill v. Braxton*, Petitioner is hereby notified that this Court will dismiss his § 2255 Motion as untimely unless he demonstrates to the Court "that the petition was filed within the proper time period." *Hill v. Braxton*, 277 F.3d 701, 708 (4th Cir. 2002). The Court grants Petitioner fifteen (15) days from the entry of this Order to respond.

IT IS THEREFORE ORDERED that Petitioner has fifteen (15) days to show that his § 2255 Motion was timely filed, otherwise the Court will dismiss his Motion as being untimely.

**IT IS SO ORDERED.**

G. Ross Anderson, Jr.
Senior United States District Judge

March 4, 2010
Anderson, South Carolina