UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| Ronald Eugene Rice, | ) | |
| | ) | C/A No.: 7:10-cv-70150-GRA |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | (Written Opinion) |
| United States of America, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

This matter comes before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody under 28 U.S.C. § 2255 ("§ 2255 Motion").[1] Because it is clear from the record that Petitioner is not entitled to relief, the Court finds that summary dismissal is appropriate.

## Background

In 1990, Petitioner Ronald Eugene Rice was convicted by a jury for various drug-related crimes, including conspiracy to possess with intent to distribute cocaine and cocaine base, and possession with intent to distribute cocaine and cocaine base. The U.S. Court of Appeals for the Fourth Circuit affirmed this conviction on September 29, 1992. On June 24, 1996, Petitioner was last sentenced to three hundred and twenty four (324) months imprisonment. Approximately ten years

---

[1] This case was originally filed under Petitioner's criminal case number, Cr. No. 7:90-cr-00310-GRA-9.

later, Petitioner filed a series of motions to reconsider his sentence in light of certain amendments to the U.S. Sentencing Guidelines. This Court denied all of these motions. On August 12, 2009, the Fourth Circuit affirmed this Court's denials of reconsideration.

On February 8, 2010, Petitioner filed the present motion with this Court asking this Court to vacate and set aside his conviction, proposing the motion fall under 28 U.S.C. § 2255. In his § 2255 Motion, Petitioner argues his sentence violates applicable law because "no amount in excess of 18.6 grams of cocaine base can be attributed to" him. (§ 2255 Motion at 3.) He claims the Court incorrectly sentenced him based on one hundred and twenty six (126) kilograms of cocaine base. (*Id.*)

In accordance with *United States v. Emmanuel*, 288 F.3d 644 (4th Cir. 2002), this Court issued an order on February 9, 2010, that explained Petitioner's rights and informed Petitioner that if he did not object within twenty days, the Court would consider his request as a petition under § 2255. Petitioner did not file any objections to the *Emmanual* Order. Because Petitioner's § 2255 Petition appeared to be untimely filed, this Court issued an order on March 4, 2010, giving Petitioner fifteen days to demonstrate that his Petition was timely filed.

Petitioner responded on March 17, 2010. In his response, Petitioner argues that the statutory period began to run on August 12, 2009, when the Fourth Circuit

affirmed this Court's denial of Petitioner's motions to reconsider a judgment that became final more than a decade ago.

### Standard of Review

Petitioner brings this Petition *pro se*. This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied*, 439 U.S. 970 (1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *Cruz v. Beto*, 405 U.S. 319 (1972).

Liberal construction means only that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir.1999). A court may not construct the plaintiff's legal arguments for him. *Small v. Endicott*, 998 F.2d 411 (7th Cir.1993).

A § 2255 action is the appropriate mechanism for "a prisoner in custody[,] under sentence of a court established by [an] Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution[,] . . . to vacate, set aside[,] or correct the sentence." 28 U.S.C. § 2255. In deciding a § 2255 motion, the court may summarily dismiss the motion "if it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rules Governing § 2255 Proceedings, Rule 4. *See also* 28 U.S.C.A. § 2255(b).

## Discussion

A.  Petitioner's Motion is Untimely

The Court is bound to dismiss Petitioner's § 2255 Motion because it was untimely filed.

Prior to the enactment of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a prisoner seeking federal habeas relief essentially operated under no statutory time limitation. On April 24, 1996, the President of the United States signed the AEDPA into law. *See* Pub. L. No. 104-132 (1996). The AEDPA instituted a one-year statute of limitations for filing motions pursuant to 28 U.S.C. § 2255. This limitations period may be raised *sua sponte* by the Court. *Hill v. Braxton*, 277 F.3d 701, 705 (4th Cir. 2002). The AEDPA's amendments to 28 U.S.C. § 2255 provide, in relevant part, that:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

>     (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

The period of limitations began to run on petitioner's § 2255 motion after his judgment of conviction became final. According to *Clay v. United States*, 537 U.S. 522, 532 (2003), "for federal criminal defendants who do not file a petition for certiorari with this Court on direct review, § 2255's one-year limitation period starts to run when the time for seeking such review expires." Petitioner's appeal was decided on September 29, 1992. The one-year limitation period began when the ninety-day window for filing his petition for certiorari expired. Here, that occurred on or about December 28, 1992.

At that point, for purposes of § 2255 the conviction became final. Thus, the one-year period of limitations to file a motion pursuant to § 2255 expired on or about December 28, 1993. The current motion was filed on February 8, 2010. This is more than fifteen years after the statute of limitations had expired.

Additionally, to the extent Petitioner argues that the changes in the Sentencing Guidelines constituted a newly recognized right giving rise to this Motion, this argument also fails. First, the allegations made by Petitioner in his § 2255 Motion have nothing to do with changes in the Sentencing Guidelines. In his current motion he only argues he was credited with an amount of cocaine base higher than what he actually possessed. This is the same argument Petitioner made

on appeal fifteen years ago. Second, Petitioner filed the *last* of several motions to alter his sentence based on amendments to the Sentencing Guidelines on November 17, 2008. Any right stemming from the Sentencing Guidelines was known to him at least by this time. Clearly, he filed his § 2255 Motion more than a year after any alleged discovery.

B.     Petitioner Fails to State a Cognizable Claim

Even if Petitioner's § 2255 Motion were timely, it still neglects to state a cognizable claim because it utterly fails to establish that Petitioner's sentence was imposed in violation of the Constitution or any applicable law. Under the U.S. Sentencing Guidelines, a district court may approximate the quantity of drugs involved in a conspiracy when there has been no seizure or when the amount seized does not reflect the scale of the offense. *See* U.S.S.G. § 2D1.4 app. note 2.

The testimony in this case supported the conclusion as to the amount of crack cocaine attributable to Petitioner. Moreover, Petitioner's argument is defective because the Fourth Circuit has already considered and decided this issue in Petitioner's case. *See United States v. Rice*, 976 F.2d 728 (4th Cir. 1992). "It is well-settled law in this jurisdiction that § 2255 does not entitle a petitioner to relitigate, on collateral attack, issues which have been considered and decided on direct appeal or to tender issues which were reviewable only on direct appeal." *Proctor v. United States*, 729 F. Supp. 473, 474-475 (D. Md. 1990), *aff'd*, *Epps v. United States*, 911 F.2d 721 (4th Cir.1990); *see also United States v. Sanin*, 252

F.3d 79, 83 (2d Cir. 2001) ("It is well established that a § 2255 petition cannot be used to relitigate questions which were raised and considered on direct appeal.") (internal quotation omitted).

## Conclusion

Petitioner's claims are deficient. Because it is clear from the pleadings, files, and records that Petitioner is not entitled to relief, an evidentiary hearing is not necessary. *See* 28 U.S.C. § 2255; *Raines v. United States*, 423 F.2d 526 (4th Cir. 1970).

IT IS THEREFORE ORDERED that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody under 28 U.S.C. § 2255 is DISMISSED.

**IT IS SO ORDERED.**

                                                  G. Ross Anderson, Jr.
Senior United States District Judge

March 30, 2010
Anderson, South Carolina

# **CERTIFICATE OF APPEALABILITY**[2]

The governing law provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **DENIED**.

**IT IS SO ORDERED.**

_____
G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

---

[2] On December 1, 2009, the Rules Governing Section 2254 and 2255 Cases in the United States District Courts were amended to require a District Court to issue or deny a certificate of appealability when a final ruling on a habeas petition is issued. *See* 28 U.S.C. § 2254, Rule 11(a); 28 U.S.C. § 2255, Rule 11(a). This amendment also encompasses motions to reconsider final rulings on habeas petitions. *See U.S. v. Haynes*, No. 09-7606, 2009 WL 4506466 (4th Cir. Dec. 9, 2009).